and we have Ms. Russo. Are you able to hear me okay, Ms. Russo? Yes. And Ms. Novitz, are you able to hear me okay? Yes, thank you. All right. Ms. Russo, I see you reserved one minute for rebuttal, and you can begin whenever you're ready. Yes, sir. Good morning, Your Honors. My name is Dana Russo, and although I have many titles, post-appellant, school psychologist, is what you might have read about me, I want you to know the most important thing is that I'm a child of God, and I share this to emphasize how God is all that I do. This case is about the rights of every American, especially educators to practice sincerely held religious beliefs. The core issues are that the district acknowledged my sincerely held religious belief and recognized my religious objections to medical interventions, but failed to accommodate them, violating Title VII and the New York State law. They adhered to a mandate that did not prohibit religious exemptions, and then they claimed undue hardship without evidence. In Gruff v. DeJoy, it establishes that the burden of proof of undue hardship lies with the employer, requiring concrete, demonstratable evidence, and that would substantiate the hardship itself, moving beyond the de minimis cost, as it was previously stated. The district failed to provide this evidence or engage in an interactive process for the accommodation as required by Title VII, and also in cooperation as per the EEOC v. Abercrombie & Fitch and Insomnia Board of Education v. Bilbrook. The timeline proves that at the onset, my accommodation request was rejected with the statement, there is no religious exemption, and despite the meetings, no alternatives were offered, even though my beliefs were acknowledged. Ms. Russo, their main argument in response to that is that if they were to give you an exemption, they'd be in violation of state law, that state law required either a vaccine or testing, and as an employer, they can't just ignore that, that if you think that's unconstitutional because it doesn't provide for religious exemption, then you have to sue the state, and a lot of people did, as you know, during COVID, sued the state for exactly those types of issues, so what's your response to that? How are they supposed to accommodate you by violating state law? Well, during the pandemic, I was instructed to work from home, and I did so, yet then they claimed I couldn't perform my job effectively, contradicting the precedent that was set by Grantee v. New York, where remote work was recognized as a valid accommodation, so there was no interactive process, there was no discussion. I was placed on unpaid leave on October 4th, 2021, and then was allowed to work until October 8th, 2021, undermining their claim that I could pose a health risk. The inconsistency further highlights that they lacked substantial evidence for their claim of undue hardship, and it calls into question, really, their decision-making on handling the accommodation request itself. They then really can't claim compliance with the health mandate without addressing the religious accommodation requirements under Title VII. I also felt that if you look at Hale v. Vidal, the court looked at whether the employer's accommodation was reasonable for religious practices, and while the specifics of the case actually differ, the principle is clear. Employers must work with employees to respect their religious beliefs. In my case, the district offered only a saliva test, a medical procedure conflicting with my faith and what I sought the exemption for. And— What is your argument that you would not pose a health risk? You're saying that you're disputing the question that an unvaccinated person would pose a health risk? Well, I don't know how that could be possible when I worked the entire pandemic and I wasn't a threat. So, it wouldn't make sense. You worked remotely or you worked in person for the entire pandemic? I worked—so I—we worked remotely, solely remotely, and I fulfilled all my duties. That's what happened in the very beginning of the pandemic. And then was back at work for almost a year before the mandate, a health mandate, was put in place. All right. All right. We understand the argument. You reserved your—you have one minute for rebuttal. We'll hear from Ms. Novitz. Thank you, Mr. So. Thank you, Your Honor. Rondi Novitz, Frisian Mitchell Novitz, on behalf of the appellee. I believe there's no factual dispute here. Everything Ms. Russo indicated is correct. Our only disagreement is whether or not it was an undue hardship for the school to violate the New York State mandate, which clearly it was. In addition to violating the New York State mandate, it also did pose a risk to both staff and students. With regard to Ms. Russo's argument in that she worked remotely for some time, that's entirely true, and that was when the students were also remote. Once the students returned to the classroom, there was no longer an opportunity for her to fulfill all the essential functions of her job remotely, and the school district would have then had to hire another employee to fulfill her duties that were necessary to be in person. So that would have caused an undue hardship for the school. In fact, the school did have to hire somebody to replace her and pay them. In addition, they kept her job open. They did not replace her permanently, and they only put her on leave for the period of time when the mandate was in place. So, unless you have any other questions. No, I don't believe there are any questions. So, Ms. Russo, you have one minute in rebuttal. So, just in regards to the, there was no interactive process, and had that been done effectively, then they would have been able to, we could have collaborated and came up with a, like, other accommodation that could have been necessary. There was somebody that worked in the family center that wanted to work in the building. All my functions could have been done via remote if it had to be. There were many other things that could have been discussed. They just were shut down and were not given the opportunity to do that. They basically just said no. They also violated my state claims. They put me on unpaid leave. I was out of work for a solid basic part of the year, a good part of the year. And the claim under 3020A, which is the New York State Education Law, incorrectly dismissed and overlooked, was overlooked, that safeguards employees that are tenured so that they're not placed on an unpaid leave without due process. And that did not happen in this case. So, you know, while they say they preserved my job, I still was at home and not being able to work outside the school. The union told me if you go get a job, they can dismiss you because you're on an unpaid leave. So I couldn't work at all. I just urge the court to reconsider the lower court's decision and establish a clear precedent for nondiscriminatory religious accommodation. Please take into consideration the need for a thorough review of the claims and go back to the timeline, because they did not prove undue process and undue hardship. And they did not go through the interactive process as it's meant to be to protect employees. There was nothing done that, you know, would have really helped me to do the best job I could do without risking safety and others. I did it already. All right. I just want to correct one thing you said, Ms. Russo. I want to make sure you didn't misunderstand the district court's ruling. The district court didn't dismiss any state claims. It denied supplemental, declined supplemental jurisdiction over them. So to the extent you had some argument that giving you unpaid leave violated some education law, that was not decided by the district court. So I want to make sure you're aware of that. All right? Yeah, they just didn't hear it. They just, you know, dismissed it, saying, you know, go back to the state. But we're here. I mean, here we are all, right? Yeah. We've seen a lot of time and money. Why wouldn't you make a decision on that? Because there's a lot of cases that say if the federal claims don't survive, that federal courts shouldn't reach state claims. So the district court was following those decisions. But in any event, we appreciate your argument today. Thank you both. And we'll reserve decision. Have a good day. Thank you. You too. God bless.